# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAMES KELVIN COOPER, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | NO. CIV-09-0410-HE |
| | ) | |
| JUSTIN JONES, DIRECTOR, | ) | |
| | ) | |
| Respondent. | ) | |

## **ORDER**

Petitioner James Kelvin Cooper, a state prisoner appearing *pro se*, filed this action seeking habeas relief.[1] He claims he was denied due process during a prison disciplinary proceeding that resulted in the revocation of earned credits. Consistent with 28 U.S.C. §636(b)(1)(B) and (C), the matter was referred for initial proceedings to Magistrate Judge Valerie K. Couch. The magistrate judge rejected the sole challenge to the prison disciplinary proceeding raised by the petition — that the evidence did not support the finding that he was in possession of a cell phone — and recommended that the petition be denied. Report and Recommendation, p. 3.

The petitioner has filed an objection, claiming the magistrate judge overlooked other grounds asserted in support of his petition. However, the petitioner explicitly acknowledges that his due process claims "center squarely around the fact that his witnesses' statements were given no credence or verifiability by the disciplinary officer

---

[1] *Although the petitioner filed his petition on a § 2254 form, the appropriate statutory authority is 28 U.S.C. § 2241 because he is challenging a prison disciplinary action rather than a state conviction.*

unjustifiably under the circumstances." Objection, p. 5.[2] He contends his constitutional rights were violated because the disciplinary officer failed to "duly" consider the testimony of his witnesses and state the reasons why he disregarded their statements. However, the issue in the case the petitioner cites, Ponte v. Real, 471 U.S. 491 (1985), was whether the administrative record of a disciplinary hearing must include the reasons why prison officials refused to <u>call</u> witnesses requested by an inmate. It does not hold, as the petitioner contends, that the record must reflect the weight given the witnesses' testimony or explain why certain testimony was not considered credible or was discounted.

Due process in a prison disciplinary proceeding requires that the factfinder's conclusions be supported by "some evidence in the record." Superintendent, Mass. Correctional Inst. v. Hill, 472 U.S. 445, 454 (1985). The magistrate judge found, and the court concurs, that there was "some evidence" to support the disciplinary hearing officer's determination that the petitioner was guilty of possessing a cell phone. *See* Brown v. Rios, 196 Fed.Appx. 681, 684 ("[T]he relevant conclusion is whether there is any evidence that could support the conclusion reached by the disciplinary board.")

---

[2] *To the extent that petitioner now asserts grounds for relief other than sufficiency of the evidence, those grounds were either not presented to the Magistrate Judge and are hence not subject to consideration here, or are not of constitutional dimension, or both.* United States v. Garfinkle, *261 F.3d 1030, 1031 (10th Cir. 2001) (matters raised for first time in objections to the magistrate judge's report are deemed waived);* Brown v. Rios, *196 Fed.Appx. 681, 683 (10th Cir. 2006) (unpublished) (violation of prison regulations does not, by itself, make out a due process violation).*

(internal quotation omitted). The question is not whether the petitioner owned the cell phone that was found on his bunk, but whether he possessed it. As the magistrate judge noted, "the fact that Petitioner's cellmate claimed 'ownership' does not negate the evidence of possession." Report and Recommendation, p, 5.

Accordingly, the court adopts Magistrate Judge Couch's Report and Recommendation and denies the habeas petition.

**IT IS SO ORDERED**.

Dated this 21st day of December, 2009.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE